IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUDRY MALCOLM, on behalf of herself and all other employees similarly situated,<br><br>          Plaintiff,<br><br>- vs -<br><br>THE EASTMAN KODAK COMPANY,<br><br>          Defendant. | **ANSWER**<br><br>03-CV-6589T(P) |

Defendant, Eastman Kodak Company ("Kodak"), by and through its attorneys Nixon Peabody LLP, answers the numbered paragraphs of the Complaint as follows:

### NATURE OF CLAIM

1. This paragraph states the purpose and alleged statutory basis for this action and contains no allegations of fact for which an answer is required, but insofar as an answer may be deemed required, defendant denies that it has failed to pay wages in accordance with the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA") or under the New York Labor Law, or that plaintiff is entitled to act on behalf of any other person by way of either a collective or class action.

### JURISDICTION AND VENUE

2. This paragraph contains no allegations of fact for which an answer is required, but insofar as an answer may be deemed required, defendant admits that plaintiff purports to invoke the court's jurisdiction pursuant to the statute cited therein, but denies that plaintiff is entitled to any relief.

3. This paragraph contains no allegation of fact for which an answer is required, but insofar as an answer may be deemed required, defendant admits that plaintiff purports to invoke the Court's supplemental jurisdiction of claims arising under New York State Labor Law, but denies that plaintiff is entitled to any relief under that statute.

4. Admits.

## CLASS ACTION ALLEGATIONS

5. This paragraph contains no allegations of fact for which an answer is deemed required, but insofar as an answer may be deemed required, defendant denies each an every allegation contained therein.

6. This paragraph contains no allegations of fact for which an answer is deemed required, but insofar as an answer may be deemed required, defendant denies each an every allegation contained therein.

7. This paragraph contains no allegation of fact for which an answer is deemed required, but insofar as an answer may be deemed required, defendant denies the allegations contained therein, including each and every subpart thereof.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except admits that class counsel concentrates its practice in employment litigation.

13. This paragraph contains no allegations of fact for which an answer is required, but insofar as an answer may be deemed required, defendant denies each and every allegation contained therein.

14. This paragraph contains no allegations of fact for which an answer is required, but insofar as an answer may be deemed required, defendant denies each and every allegation contained therein.

## PARTIES

**A.   Defendant**

15. Admits.

16. Admits.

17. Admits.

18. Admits.

**B.   Plaintiffs**
**Named Plaintiffs**

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

20. Denies and affirmatively states that she was exempt from the overtime provisions of the FLSA and New York Labor Laws.

**Class Members**

21. Denies.

R734611.1

## FACTUAL BACKGROUND

22. Admits.

23. Admits.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

25. Denies.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

28. Denies and affirmatively states that it is defendant's policy and practice to pay plaintiff and the class members in accordance with all laws applicable to the payment of overtime.

29. Denies and affirmatively states it is defendant's policy and practice to compensate plaintiff and the class members in accordance with the all laws applicable to the payment of overtime.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

### FIRST CAUSE OF ACTION
### FLSA

35. Defendant repeats and realleges paragraphs 1-34 as set out fully herein.

36. Denies.

### SECOND CAUSE OF ACTION
### New York Labor Law

37. Defendant repeats and realleges paragraphs 1-36 as set out fully herein

38. Denies.

Defendant further denies that plaintiff is entitled to any relief requested in the "Wherefore" clause following paragraph 38 or to any other relief.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. The claims of plaintiff and the putative class members are barred by their exempt status under the FLSA and New York Labor Law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. Any acts or omission on part of defendant were in good faith, and defendant had reasonable grounds for believing that its acts or omissions were not in violation of the FLSA and/or the New York Minimum Wage Act.

R734611.1

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

43.     Plaintiff or the punitive class members are not entitled to recover the liquidated damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

44.     Plaintiff may not proceed on behalf of any other person under the New York Minimum Wage Act.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

45.     To the extent this case is allowed to proceed as a collective or class action, the claims of certain plaintiffs will be barred and/or set off, in whole or in part, by their execution of a legally enforceable waiver and release of claims and by the payments made thereunder.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

46.     To the extent this case is allowed to proceed as a collective or class action, defendant will be entitled to a credit toward any owed overtime payments with respect to certain individuals, pursuant to 29 U.S.C. §207(h).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

47.     The Court lacks such matter jurisdiction to entertain a class action to enforce the New York Labor Law.

**WHEREFORE**, defendant requests judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, including attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: December 15, 2003

                           **NIXON PEABODY LLP**
                           Attorneys for Defendant

                           By: _/s/ Eugene D. Ulterino_____
                                EUGENE D. ULTERINO

                           Clinton Square
                           P.O. Box 31051
                           Rochester, New York  14603
                           (585) 263-1000

TO:

Dolin, Thomas & Solomon LLP
135 Corporate Woods, Suite 130
Rochester, New York 14623
(585) 272-0540

R734611.1

## CERTIFICATE OF SERVICE

I, EUGENE D. ULTERINO, hereby certify that a copy of the foregoing ANSWER was served upon:

>Dolin, Thomas & Solomon LLP
>135 Corporate Woods, Suite 130
>Rochester, New York 14623

by first-class, U.S. Mail, postage prepaid, this 15th day of December 2003.

EUGENE D. ULTERINO