UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
AUDRY MALCOLM,
*On behalf of herself and all other employees similarly situated,*
&
PETER LUCIANO,
*On behalf of himself and all other employees similarly situated*

v.

EASTMAN KODAK COMPANY

ORDER
PRELIMINARILY APPROVING
SETTLEMENT

Civil Actions
No. 03-CV-6589 T(P)
No. 04-CV-6194 CJS (F)

**WHEREAS**, by Order dated December 23, 2005, this Court preliminary found that the settlement terms as outlined by the parties were within the range of reasonableness and were fair, reasonable and adequate as to plaintiffs in the above-referenced actions; and whereas this Court ordered the parties to reach a final settlement agreement by February 15, 2006;

**WHEREAS**, by Order dated December 23, 2005, this Court appointed Steven V. Modica, Esq. as Special Master pursuant to Federal Rule of Civil Procedure ("Rule") 53(b)(3) in the above-referenced actions;

**WHEREAS**, Steven V. Modica, Esq. filed a Special Master Affidavit as required by Rule 53 on February 6, 2006;

**WHEREAS**, by Order dated February 2, 2006, this Court consolidated the actions of Audry Malcolm, et al. v. The Eastman Kodak Company, Case No. 03-CV-6589T(P) ("Action 1") and Peter Luciano and David Woodward, et al. v. The Eastman Kodak Company, Case No. 04 CV-6194 CJS(F)("Action 2"), for purposes of settlement only;

**NOW**, the parties having reached a final Settlement Agreement in the above-referenced actions within the time specified by this Court and upon reading said Agreement, the Court

preliminarily approves the Settlement; delineates the duties of the Special Master; and hereby finds and orders for purposes of settlement only:

## ORDER PRELIMINARILY APPROVING SETTLEMENT

1. The Court preliminarily finds that the Class Action Settlement ("Settlement") is within the range of reasonableness and is fair, reasonable and adequate as to the Class members and preliminarily approves such Settlement;

## RULE 23 REQUIREMENTS

2. That a Class be certified pursuant to Rule 23(b)(2), consisting of all employees in the Action 1 and Action 2 Settlement Classes;

3. That the claims of the Class present common questions of law or fact in that plaintiffs in both actions alleged that: (1) Kodak had misclassified certain employees as exempt; (2) that such employees in fact were non-exempt and should have been paid overtime; (3) that such practices violated both the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law; and (4) that plaintiffs were subject to common wage and hour classification policies and practices of Kodak;

4. That the claims of Audry Malcolm, Susan Drouin, Peter Luciano, David Woodward, and Peter DiCecco, are typical to those of the Class in that they alleged that: (1) Kodak had misclassified them as exempt; (2) that such plaintiffs in fact were non-exempt and should have been paid overtime; and (3) that such practices violated both the FLSA and the New York Labor Law;

5. That Audry Malcolm, Susan Drouin, Peter Luciano, David Woodward, and Peter DiCecco, as class representatives, have fairly and adequately protected the interests of the Class as evidenced by the parties' Settlement Agreement;

6. That the Class is sufficiently numerous such that joinder of all members is impracticable;

7.  That the questions of law or fact common to the Class predominate over any questions affecting individual members, and that a class action is superior to other available methods for the fair and efficient settlement of the controversy;

8.  That injunctive relief is the predominant relief sought and the most appropriate relief to be granted for plaintiffs' alleged claims of wage and hour violations;

9.  That Dolin, Thomas & Solomon LLP is appointed Class Counsel for all purposes herein.

10. That the parties shall submit a copy of the Class Notice for Action 1 and Action 2 to the Court within three weeks of execution of this Settlement Agreement for the Court's approval.

## SETTLEMENT SCHEDULE

11. That the parties shall select a Settlement Administrator subject to the Court's approval no later than March 27, 2006, or if the parties are unable to reach agreement on a Settlement Administrator by that date, the Special Master shall select a Settlement Administrator by April 3, 2006. Kodak shall designate which job positions, if any, it will include in Subclass III no later than June 30, 2006 (four months and fifteen days from execution of the Settlement Agreement). The parties shall stipulate to amend the Complaint in Action 1 pursuant to Rule 15 to include Subclass III, if necessary, no later than July 5, 2006. The Settlement Administrator shall mail Notice to all Class members and claim forms to all Action 1 and Action 2 Subclass II members no later than July 7, 2006. Plaintiffs' Counsel shall apply for attorneys' fees, costs, and expenses to the Special Master no later than July 26, 2006. Any Class member who intends to object to the Settlement must do so by filing any such objection in writing with the Special Master and by simultaneously serving a copy on Plaintiffs' and Defense Counsel no later than August 1, 2006. Objections that do not meet these requirements shall not be considered by the Special Master or the Court. Class members who choose

to participate in the monetary recovery of the settlement shall submit a claim form claiming the threshold amount of their recovery (as defined in the Settlement Agreement) no later than August 1, 2006. Class members who choose to challenge the threshold amount of their recovery shall request a special claim form from the Settlement Administrator no later than August 1, 2006, and shall mail the completed special claim form to the Special Master no later than August 15, 2006. The Special Master shall hold a final hearing to determine the fairness and reasonableness of this Settlement no later than August 7, 2006. The Special Master shall issue his final findings concerning the approval of this Settlement, the payment of attorneys' fees, costs, and expenses, and class representative compensation, no later than August 14, 2006. Kodak shall pay amounts not to exceed the Action 1 and Action 2 Settlement Payments to the Settlement Administrator no later than thirty-five (35) days following the occurrence of the following events: (1) the entry of an Order by the District Court that gives final court approval of this Settlement, including, without limitation, the dismissal with prejudice of any claims for overtime compensation by the members of Malcolm Subclass II and Luciano Subclass II; and (2) the legal finality of the final approval Order of this Settlement by virtue of no appeal within the statutory time period to file an appeal or upon entry of the order and/or an affirmance on appeal ("Final Approval Date"). Kodak shall designate which Class members who choose to dispute the threshold amount of their recovery it will contest no later than thirty-five (35) days following the Final Approval Date. The Settlement Administrator shall distribute awarded attorneys' fees, costs, and expenses no later than forty (40) days following the Final Approval Date. The Special Master shall complete any hearings on the disputed claims no later than ninety (90) days following the Final Approval Date. The Special Master shall issue his decisions on the disputed claims no later than one hundred and five (105) days following the Final Approval Date. If necessary, Kodak shall pay amounts not to exceed the Additional Settlement

Payments for Subclass III (as defined in the Settlement Agreement) no later than one hundred and thirty five (135) days following the Final Approval Date (or if no Class members challenge the threshold amount of the claim forms, sixty (60) days following the Final Approval Date), the Settlement Administrator shall deposit amounts from Action 1 and Action 2 Settlement Payments that are available for use for Subclass III, as well as the Additional Payments, in escrow, in a separate interest-bearing account no later than one hundred and thirty five (135) days following the Final Approval Date (or if no Class members challenge the threshold amount of the claim forms, sixty (60) days following the Final Approval Date). If at least one Class member challenges the threshold amount of the claim form, payments to Action 1 and Action Subclass I members and Subclass III members, if any, shall be made within one hundred and forty (140) days following the Final Approval Date. If no Class members challenge the threshold amount of the claim forms, payments to Action 1 and Action Subclass I members and Subclass III members, if any, shall be made within sixty-five (65) days following the Final Approval Date. The payment of attorneys' fees, if any, from the Additional Payments for Subclass III, if any, shall be made no later than one hundred and forty (140) days following the Final Approval Date (or if no Class members challenge the threshold amount of the claim forms, sixty-five (65) days following the Final Approval Date). Any portion of the Settlement Payments and/or Additional Payments, and interest thereon, that is not distributed pursuant to the Settlement Agreement shall remain the property of and shall revert to Kodak at the conclusion of the settlement administration process. The Parties are to abide by these dates and they are not to be altered absent written agreement by Plaintiffs' and Defense Counsel and approval by the Special Master or this Court.

      12.    That a Notice of Settlement which shall be submitted by the parties for Court approval is the only notice required and shall constitute the best notice practicable under the

circumstances, and such Notice constitutes valid, due and sufficient notice to the Class, complying fully with the requirements of due process and applicable state and federal law, including Rule 23, N.Y. C.P.L.R. § 904, the United States Constitution, and any other applicable law.

13.     That the Notice shall be sent by the Settlement Administrator to all Class members using the last known mailing addresses for class members.

## SPECIAL MASTER

14.     That pursuant to Rule 53, the Court appoints Steven V. Modica, Esq. to preside over all further settlement proceedings in the Actions to the maximum extent permitted, and with the maximum discretion allowed by, the relevant statutes and rules, including, but not limited to, conducting the Fairness and Approval Hearing regarding the Settlement; supervising settlement administration; awarding Class Counsel's attorneys' fees, costs and expenses; awarding class representative compensation; hearing any objections; hearing and deciding any challenges to the threshold amounts; and making a final decision on approval of the Settlement.

15.     In carrying out his duties, the Special Master is to consider the pleadings in this matter; the final Settlement Agreement; and any other submissions, whether in writing or verbally, that are provided to him by the parties' counsel.  There are no limits on the Special Master's authority as set forth in Rule 53(c). The Special Master may communicate ex parte with counsel, or with any Party, and this Court. The Special Master need not retain any other documents once his recommendations are filed with the Court.  The Special Master shall file with this Court his findings and recommendation as to settlement by a date set forth in a forthcoming Scheduling Order. Pursuant to Rules 53(a)(1)(A) and 53(g)(3)(B), and upon the consent of the Parties, the findings of fact of the Special Master are final and are not subject to review.

16.     That amendments may be made to Settlement Agreement, Notice Form, Objection

Form, or this Order, upon written agreement of the Plaintiffs' and Defense Counsel and approval by the Special Master or this Court.

17. That pending final determination of whether the terms contained in the Agreement should be finally approved, neither the Plaintiffs, nor any class members, nor any of their agents, attorneys or representatives, either directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the released claims against Kodak.

18. That if the settlement does not receive final approval, this Order will become null and void, and Kodak will retain all rights to oppose class certification in any subsequent proceeding.

**IT IS SO ORDERED**.

**Dated: February 17, 2006**                         S/Michael A. Telesca
                                                     _____
                                                     **Honorable Michael Telesca**
                                                     **United States District Judge**

*Terms consented to by:*

Dated:  February 17, 2006                            **DOLIN, THOMAS & SOLOMON LLP**

                                                     By: S/ J. Nelson Thomas
                                                     _____
                                                         J. Nelson Thomas, Esq.
                                                         Attorney for Plaintiffs
                                                         693 East Ave.
                                                         Rochester, NY  14607
                                                         Telephone: (585) 272-0540

                                                     Attorneys for Plaintiffs
                                                     Audry Malcolm, *et al.* & Peter Luciano, *et al.*

Dated: February __, 2006                    **NIXON PEABODY LLP**

                                                                  By:     S/ Stephen J. Jones
                                                                  _____
                                                                  Stephen J. Jones, Esq.
                                                                  Eugene D. Ulterino, Esq.
                                                                  Attorney for Defendant in the
                                                                  *Malcolm* matter
                                                                  1100 Clinton Square
                                                                  Rochester, NY  14603
                                                                  Telephone: (585) 263-1000

                                                                  Attorneys for Defendant
                                                                  Eastman Kodak Company


Dated: February __, 2006                    **HARRIS BEACH PLLC**

                                                                 By:     S/Daniel J. Moore
                                                                  _____
                                                                  Daniel J. Moore, Esq.
                                                                  Paul J. Yesawich, Esq.
                                                                  Attorney for Defendant in the
                                                                 *Luciano* matter
                                                                  99 Garnsey Road
                                                                  Pittsford, NY 14534
                                                                  Telephone: (585) 419-8800

                                                                  Attorneys for Defendant
                                                                  Eastman Kodak Company